PER CURIAM.
On plaintiff’s employment application form, which he completed post-hire, the following question appeared: “Do you have or have you ever had any ailment(s) or physical disability(ies) not listed above?” Plaintiff answered “no.” The issue is whether plaintiff’s failure to disclose manic depression as a condition for which he had been treated amounts to misconduct within the scope of LSA-R.S. 23:1601(2), thereby disqualifying him from receipt of unemployment compensation benefits.
Plaintiff was hired by Elevating Boats, Inc. (EBI) as a law clerk in August 1987. Upon admission to the bar on April 22, 1988, he was hired by EBI as house counsel to handle all litigation and other legal matters for EBI. Not long after plaintiff was hired on a permanent basis, Lynn Dean, president of EBI, received a telephone call from him in which he informed Dean he was suffering from manic depression. Plaintiff admitted he had suffered from this condition prior to his employment with EBI, but had failed to reveal this information on his employment application. Plaintiff admitted himself into a hospital on July 12, 1988, and stayed through July 15, 1988. On July 18, 1988, plaintiff was dismissed from employment at EBI for withholding information on his employment application.
Plaintiff applied for unemployment benefits. The Office of Employment Security found he was eligible for benefits. The administrative law judge reversed, finding plaintiff’s failure to disclose his psychological condition amounted to misconduct under LSA-R.S. 23:1601(2), thus he was disqualified from receipt of benefits. The decision of the administrative law judge was upheld by the Board of Review, the trial court, and the court of appeal. For the following reasons, we reverse.
Plaintiff’s actions in this case do not constitute misconduct under LSA-R.S. 23:1601(2). The question on the employment application required plaintiff to reveal any “ailments or physical disabilities.” Manic depression is a psychological disor *1347 der which does not fit neatly into either category listed. It is not a physical disability, and while it could be termed an ailment, the word ailment is sufficiently ambiguous to justify a belief by an applicant that disclosure of a psychological disorder like manic depression was not necessary, especially when the condition was currently under control. Further, the question asked for disclosure of any ailments or physical disabilities “not listed above.” All the “ailments” listed above on the application are physical ailments. They include: Ruptured [sic], back trouble, dizziness, knee trouble, defective sight or hearing, silicosis or tuberculosis, high blood pressure, diabetes, and epilepsy. There is no indication disclosure of psychological disorders was required or necessary. Furthermore, the employment application form was provided by the employer, thus any ambiguity should be construed against the employer and in favor of the employee.
Plaintiffs failure to disclose his history of manic depression, which later disabled him for four days, was not the type of wilful or intentional disregard of the employer’s interests necessary to constitute “misconduct” under LSA-R.S. 23:1601(2). Plaintiff is therefore entitled to unemployment compensation benefits, to be calculated from the time he was discharged by EBI.
REVERSED.